IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH LUHMANN                                                                                   PLAINTIFF

v.                                              CIVIL NO. 25-2060

FRANK BISIGNANO, Commissioner
Social Security Administration                                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Deborah Luhmann, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on April 4, 2022, alleging an inability to work since March 19, 2021, due to an injury of the wrist, hand and finger and a laceration of the right pinky. (Tr. 70). An administrative video hearing was held on April 23, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 50-68).

By written decision dated April 29, 2024, the ALJ found that during the relevant time period, Plaintiff had the following medically determinable impairments: mallet finger of the right fifth finger with repair and recent foot pain in October of 2023. (Tr. 34). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that significantly limited

her ability to perform basic work-related activities for twelve (12) consecutive months; therefore, Plaintiff did not have a severe impairment or combination of impairments. *Id*. The ALJ stopped the sequential evaluation process at step two, and found Plaintiff was not disabled through the date of the ALJ's decision. (Tr. 38).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on April 9, 2025. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 17).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

### III. Discussion:

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held

that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue*, 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and hold that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola*, 480 F.3d at 887.

A review of the record revealed that Plaintiff sustained an injury to the fifth digit of her right dominant hand that required surgical intervention in March of 2021. (Tr. 807). Prior to Plaintiff's move from California, Plaintiff was seen by her hand surgeon, Dr. Jason A. Solomon, in February of 2022, who opined that Plaintiff had the following work restrictions: "no lifting pulling pushing gripping grasping > 5lbs." (Tr. 630). Occupational therapy notes dated in early 2022 revealed Plaintiff reported that she continued to have difficulty placing or removing an object from an overhead shelf, using cooking utensils and opening jars. (Tr. 822, 826). While the record revealed that Plaintiff can perform activities using her upper extremity, Plaintiff indicated in the Functional Report dated April 24, 2023, and testified at the administrative hearing on April 23, 2024, that she had diminished strength in her right hand and continued to have problems using her right hand to grip, grasp and handle. (Tr. 55-60, 346-353). After reviewing the record, Drs. S. Laiken and W. Land, both non-examining medical consultants, found that Plaintiff had a severe

impairment and opined she could perform medium work with additional limitations with handling and fingering of the right upper extremity. (Tr. 76-78, 92-95). The ALJ found the opinions of Drs. Laiken, Land and Solomon unpersuasive. In finding Plaintiff did not have a severe impairment, the ALJ discussed and found persuasive the consultative general examiner's finding that Plaintiff had a mild limitation with respect to her right hand injury. (Tr. 37, 1069-1074). However, a review of this examiner's notes revealed Plaintiff was unable to grip with the fifth digit of her right hand and had no range of motion of the fifth distal interphalangeal joint.

Based on the current medical evidence of record, the Court does not find substantial evidence supporting the ALJ's determination that Plaintiff does not suffer from a severe impairment. Accordingly, the Court finds remand necessary so that the ALJ can proceed with the sequential evaluation process.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of January 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE